UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN H. SMITH, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:08CV1529MLM |
| DON ROPER, | ) | |
| Respondent. | ) | |

# ORDER

Pending before the court is the Motion for Stay and Abeyance filed by Petitioner John H. Smith, Jr. Doc. 14. In the pending Motion Petitioner asks the court to stay his Amended Petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 pending his exhaustion of Grounds 15 and 16.

28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State." Petitioner did not raise the issues of Grounds 15 and 16 before the Missouri appellate court. Petitioner's Amended Petition also includes grounds which he raised before the Missouri appellate court.[1] As such, his Amended Petition is characterized as a mixed petition.

---

[1] Petitioner raised the issues of Grounds 1-11 of the Amended Petition before the Missouri appellate court. In addition to Grounds 15 and 16, Petitioner did not raise Grounds 12, 13, and 14 before the Missouri appellate court. Petitioner has, therefore, procedurally defaulted Grounds 12-16. See Sweet v. Delo, 125 F.3d 1144, 1149, 1151 (8th Cir. 1997) (holding that to preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings; a state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies").

In Duncan v Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to fully consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." See e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455 U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

Section 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The Court, in Duncan, recognized the need to reconcile the tolling provision of § 2244(d)(2) with the exhaustion requirement of § 2254(b). The Court held that:

> Section 2254(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued At the same time, the provision limits the harm to the interest in finality by according tolling effect only to "properly filed application[s] for State post-conviction or other collateral review."

Duncan, 533 U.S. at 179-80.

The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. See id. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

The Supreme Court held in Rhines v. Weber, 544 U.S. 269 (2005), that district courts have discretion to hold petitions in abeyance pending state court proceedings to exhaust unexhausted claims. However, as explained in Akins v. Kenney, 410 F.3d 451, 455 (8th Cir. 2005):

> The Court [in Rhines] determined that the "stay and abeyance should be available *only in limited circumstances*." Id. at 1535. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was *good cause for the petitioner's failure to exhaust* his claims first in state court," ... and even showing good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. "[I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Id.

(emphasis added).

Petitioner in the matter under consideration was charged with and convicted of murder in the first degree in that he knowingly caused the death of his wife, Subrenia Smith, on October 2, 2002, by shooting her. Petitioner was charged with and convicted of other crimes related to the murder of Ms. Smith, including armed criminal action, hindering prosecution, tampering with evidence, and unlawful possession of a firearm silencer. Testimony at Petitioner's trial was that Petitioner staged the scene to make it appear that Ms. Smith's death had been caused by burglars and that, upon responding to Petitioner's call to a 911 operator, police officers found Ms. Smith's body. Petitioner testified at trial that he was attacked by burglars when he went to investigate a noise in the basement. Resp. Ex. A, Tr. at 209-214, 351-57, 581-90, 727-30.

3

In Ground 15 of his Amended Petition Petitioner alleges that the police failed to disclose that they stole $43,000 from Petitioner's house and that "in an effort to conceal this crime, the police fabricated evidence and presented false testimony to convict Petitioner." Doc. 11 at 19A. In Ground 16 Petitioner alleges that, when conducting a search of his residence, the police stole $43,000; that "in efforts to conceal this crime, the police conspired to fabricate and construct false evidence and false testimony to ensure Petitioner's conviction"; that the police "intentionally failed to give [] Petitioner and the Prosecuting Attorney's Office an itemized receipt of the seized items"; and that the police unlawfully seized two vehicles from Petitioner's driveway, "one of which, was never returned due to deceptive and unethical tactics used by the police." Doc. 11 at 20A. Petitioner argues in support of the pending Motion that evidence of the stolen and/or missing property is "exculpatory" and "consistent with [his] claim of innocence." Doc. 14 at 4. Petitioner suggests that this evidence would have questioned the credibility and motive of the police officers involved in the investigation of Ms. Smith's death and that, had the jury heard this evidence, there is a reasonable probability that he would have been acquitted.

Despite Petitioner's arguing in the pending Motion that evidence that the police stole $43,000 from his house was not available to Petitioner before trial, Petitioner states in his Amended Petition, in support of Ground 15, that he "sought return of the items seized from his residence since before being arrested, before trial, during trial and after trial." Doc. 11 at 19A. Petitioner also states that he "sought the return of his property in a separate civil state court action." Doc. 11 at 19A. In support of Ground 16 Petitioner states that "Petitioner was required to produce proof of ownership for one of the vehicles," and that the "police prevented the vehicle from being released to the party legally acting on Petitioner's behalf." Doc. 11 at 20A. Petitioner's arguments suggest that at the time of

4

trial he knew that $43,000 was missing from his residence from his residence, that two vehicles had been taken from his driveway, and that the police would not return a vehicle to him. Under such circumstances Petitioner could have raised the issues of Grounds 15 and 16 in his direct appeal and/or in a properly filed post conviction relief motion. As such, the court finds that Petitioner has not shown good cause for failure to exhaust his State remedies in regard to Grounds 15 and 16. The court finds, therefore, that Petitioner's Motion for Stay and Abeyance should be denied. See Rhines, 544 U.S. 269; Akins, 410 F.3d at 455.

To the extent Petitioner suggests he currently has a State remedy for the claims asserted in Grounds 15 and 16, Missouri Rule 91 does provide for habeas corpus relief. However, "relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." Covey v. Moore, 72 S.W.3d 204, 210 (Mo. App. 2002) (quoting Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc). See Covey, 72 S.W.3d at 210. The Missouri Supreme Court stated in Brown v. State, 66 S.W.3d 721, 722 (Mo. 2002) (en banc), that "habeas corpus . . . provides the proper avenue for relief in those limited circumstances in which the petitioner asserts a claim that is of the type enumerated in Rule 24.035, but that is time-barred under that rule, if the petitioner can met the 'cause and prejudice' standard set out in State ex rel. Nixon v. Jaynes, [63 S.W.3d 210 (Mo. 2001) (en banc)]. While it appears on the face of the pending Motion that Petitioner has not established the cause and prejudice required for the State court's consideration of the issues of Grounds 15 and 16, a finding of whether Plaintiff has met this standard is a question of Missouri law, which is properly determined by a State court.

While a stay of Petitioner's Amended Petition is not appropriate, Rose v. Lundy, 455 U.S.

5

509, 522 (1982), provides Petitioner options; under circumstances of a mixed petition, a federal habeas petitioner has the option to delete the unexhausted claims from his petition in order to facilitate their exhaustion or to dismiss the entire petition. As such, Petitioner may **inform the court that he intends to withdraw Grounds 15 and 16;** or he may **dismiss his § 2254 Petition in its entirety**; or he may **proceed with the Amended Petition** in its entirety as it currently stands. See Rose, 455 U.S. at 522. **A petitioner who elects to dismiss his § 2254 petition in its entirety and refile at a later date should be aware that a refiled petition may be dismissed as untimely pursuant to § 2244(d).**

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Stay and Abeyance filed by Petitioner is **DENIED;** Doc. 14

**IT IS FURTHER ORDERED** that the court's Order of March 5, 2009, granting Petitioner's request for an extension of time to file a Reply to the Response to Order to Show Cause remains in effect; in the event Petitioner intends to file a Reply he must do so by April 9, 2009;

**IT IS FURTHER ORDERED** that in the event Petitioner chooses to request that the court exclude Grounds 15 and 16 from the Amended Petition or in the event Petitioner chooses to dismiss his Amended Petition in its entirety, Petitioner must do so by April 9, 2009; if Petitioner does not do so prior to April 9, 2009, the court will address the Amended Petition in its entirety.

/s/Mary Ann L. Medler  
MARY ANN L. MEDLER  
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of March, 2009.